UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JOE QUINLAN,

    Plaintiff,

v.

J CONATY, *et al.*,

    Defendants.

CASE NO. 2:21-cv-00991-TSZ-JRC

ORDER TO SHOW CAUSE OR AMEND PROPOSED COMPLAINT

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint under 42 U.S.C. § 1983 (Dkt. 1) and on referral from the District Court.

Plaintiff is incarcerated and his proposed complaint is subject to screening by the Court under 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein.

1   If plaintiff chooses to amend his proposed complaint, he must file his amended proposed
2   complaint on the Court's form, on or before **September 17, 2021**. Failure to do so or to comply
3   with this Order will result in the undersigned recommending dismissal of this matter without
4   prejudice.
5   Finally, because it does not appear that plaintiff has presented this Court with a viable
6   claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall
7   renote the IFP motion for the Court's consideration on September 17, 2021.

## BACKGROUND

Plaintiff, who is incarcerated at King County Maleng Regional Justice Center, initiated this matter on July 22, 2021, by filing the IFP motion and his proposed complaint. Dkt. 1. Plaintiff brings suit against Jay Conaty, from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Doug Whitley, from the Kent Police Department, for excessive force under the Fourteenth Amendment. Dkt. 1-1, at 3–4. Plaintiff alleges that on October 23, 2020, he was sitting in a parked vehicle when "ATF rammed into the vehicle" from behind with an SUV and caused him back injuries. Dkt. 1-1, at 5. Plaintiff seeks money damages. Dkt. 1-1, at 6.

## DISCUSSION

### I. Legal Principles

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations—but not legal conclusions—when reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678.

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to "identify the

specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

When the defendant is a federal officer, a plaintiff must proceed under a *Bivens* claim, which requires the plaintiff to establish that (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Id.*

## II. Excessive Force Claim

Plaintiff states that his claim is for "excessive force" under the Fourteenth Amendment based on the "intentional[] . . . ramm[ing]" of his vehicle. Dkt. 1-1, at 4. Regardless of whether this claim proceeds as a Fourteenth Amendment or a Fourth Amendment claim for excessive force, plaintiff fails to state a claim because he does not state facts regarding any personal actions by the named defendants.

In the complaint, plaintiff does not explain how the named defendants personally participated in the alleged constitutional violation. Besides the conclusory statement that "Kent detectives along with members of the ATF Taskforce us[ed] excessive force," plaintiff does not allege facts that defendant Whitley or defendant Conaty were at the scene at the time of the alleged use of force, or in any way participated in the alleged use of force. Plaintiff only alleges that an ATF SUV "rammed into the vehicle [he] was in . . . ." Dkt. 1-1, at 5. He does not state

who was driving. Without demonstrating personal participation by the named defendants, plaintiff cannot state a claim for which this Court can grant relief.

To the extent that plaintiff seeks to bring a claim against the ATF, a *Bivens* claim is not available against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). A *Bivens* claim must be brought against a federal officer in his or her individual capacity, including alleging facts explaining how that officer personally participated in the alleged constitutional deprivation. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d. Cir. 1994).

To the extent that plaintiff seeks to bring a claim against the Kent Police Department, local government entities (such as a city) can be held liable under § 1983 if the allegedly unconstitutional actions of the entity's employees are alleged to have been taken pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Alternatively, local government entities also can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels. *Id.* at 690-91. But a local government entity cannot be held liable under § 1983 simply because it employs someone who has allegedly acted unlawfully. *Id.* at 691, 694.

Here, plaintiff fails to allege that Kent Police Department policy or custom was the "moving force" behind the alleged deprivation of his constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 400 (1997). Instead, he claims generally that the alleged use of force was committed by "Kent detectives along with members of the ATF Taskforce." Dkt. 1-1, at 4. Such general allegations fall short of pleading a viable *Monell* claim, as they are vague, conclusory, and speculative. *See Iqbal*, 556 U.S. at 678; *Hernandez v. Cnty. of*

1  *Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (applying *Iqbal* pleading standards to *Monell*
2  claims).

3      If plaintiff wishes to pursue this § 1983 action, he must provide an amended proposed
4  complaint with a short, plain statement explaining exactly what the named defendants did or
5  failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.
6  Plaintiff may also provide an amended proposed complaint including additional defendants,
7  similarly including a short, plain statement explaining what those additional defendants did or
8  failed to do and how their actions violated plaintiff's constitutional rights.

9  **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

10      Due to the deficiencies described above, unless plaintiff shows cause or amends the
11  proposed complaint, the Court will recommend dismissal of the proposed complaint without
12  prejudice. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an
13  amended proposed complaint and within the amended proposed complaint, he must write a short,
14  plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2)
15  the name or names of the person or persons who violated the right; (3) exactly what each
16  individual or entity did or failed to do; (4) how the action or inaction of each individual or entity
17  is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury
18  plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72,
19  377 (1976).

20      Plaintiff shall present the amended proposed complaint on the form provided by the
21  Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it
22  should be an original and not a copy, it should contain the same case number, and it may not
23
24

incorporate any part of the original proposed complaint by reference. The amended proposed complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended proposed complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended proposed complaint must be complete in itself, and all facts and causes of action alleged in the original proposed complaint that are not alleged in the amended proposed complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended proposed complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended proposed complaint or fails to adequately address the issues raised herein on or before **September 17, 2021**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for an incarcerated person to file a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to renote the motion to proceed *in forma pauperis* (Dkt. 1) for September 17, 2021.

Dated this 16th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge