1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10   TERRANCE JOE QUINLAN,

11                 Plaintiff,

12        v.

13   J CONATY, *et al.*,

14                 Defendants.

15

CASE NO. 2:21-cv-00991-TSZ-JRC

ORDER TO SHOW CAUSE OR
AMEND PROPOSED COMPLAINT

16        This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP")

17   and proposed amended complaint under 42 U.S.C. § 1983 (Dkts. 1, 4) and on referral from the

18   District Court.

19        Plaintiff is incarcerated and his proposed amended complaint is subject to screening by

20   the Court under 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of a complaint, or any

21   portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief

22   can be granted. Plaintiff's proposed amended complaint fails to state a claim against certain

23   named defendants and contains deficiencies regarding a defendant's address. Because an

24

1   amendment does not appear to be futile, the Court will grant plaintiff another opportunity to

2   amend his proposed complaint to correct the deficiencies set forth herein.

3         If plaintiff chooses to amend his proposed complaint, he must file his amended proposed

4   complaint on the Court's form, on or before **November 12, 2021**. Failure to do so or to comply

5   with this Order will result in the undersigned recommending dismissal of this matter without

6   prejudice.

7         Finally, because it does not appear that plaintiff has presented this Court with a viable

8   claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall

9   renote the IFP motion for the Court's consideration on November 12, 2021.

10   **BACKGROUND**

11         Plaintiff, who is incarcerated at King County Maleng Regional Justice Center, initiated

12   this matter on July 22, 2021, by filing the IFP motion and his proposed complaint. Dkt. 1. On

13   August 16, 2021, this Court ordered plaintiff to show cause or amend his complaint due to

14   deficiencies in the complaint. *See* Dkt. 3. Plaintiff filed his proposed amended complaint on

15   September 1, 2021. Dkt. 4. Plaintiff named the City of Kent, the County of King, and the State of

16   Washington as defendants in the caption. *See Id.* at 1. Plaintiff also named Doug Whitley from

17   the Kent Police Department, and Jay Conaty, who plaintiff alleges is a federal officer, as

18   defendants in the complaint. *Id.* at 3.

19         Plaintiff seeks to bring one claim of excessive force under the Fourteenth Amendment.

20   *Id.* at 4. Plaintiff appears to allege that on October 23, 2020, defendant Conaty rammed a SUV

21   into a parked vehicle with plaintiff inside. *See* Dkt. 4 at 5. Plaintiff alleges that arresting officer

22   Doug Whitley "observed" defendant Conaty ram plaintiff's vehicle. *Id.* Plaintiff alleges that he

23

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 2

1  suffered substantial back injuries as a result of the collision. *Id.* Plaintiff seeks money damages.

2  *Id.* at 6.

3  **DISCUSSION**

4  **I.      Legal Principles**

5           Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to

6  screen complaints brought by prisoners seeking relief against a governmental entity or officer or

7  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

8  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

9  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

10  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

11  152 F.3d 1193 (9th Cir. 1998).

12          To state a claim upon which relief may be granted, a complaint must contain "a short and

13  plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R.

15  Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

16  355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual

17  allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[A]

18  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

19  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

20  at 555). A court must accept as true all factual allegations—but not legal conclusions—when

21  reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556

22  U.S. at 678.

23

24

1        When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

2   and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

3   Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears

4   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

5   entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation

6   omitted).

7        To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1)

8   a violation of rights protected by the Constitution or created by federal statute, (2) proximately

9   caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947

10  F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to "identify the

11  specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

12  To satisfy the second step, a plaintiff must allege facts showing how individually named

13  defendants caused, or personally participated in causing, the harm alleged in the complaint.

14  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

15      **II.    Excessive Force Claim**

16       Plaintiff states that his claim is for "excessive force" under the Fourteenth Amendment

17  based on defendant Conaty's ramming of plaintiff's vehicle. Dkt. 4, at 4–5. Regardless of

18  whether this claim proceeds as a Fourteenth Amendment or a Fourth Amendment claim for

19  excessive force, plaintiff fails to state a claim against the City of Kent, the County of King, and

20  the State of Washington, because he does not state facts regarding any personal actions by these

21  named defendants. Regarding Doug Whitley, plaintiff has not made clear what unconstitutional

22  conduct this defendant engaged in. Moreover, plaintiff has not provided sufficient information to

23  identify defendant Conaty in the event this Court orders him to be served.

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 4

**A.  State of Washington**

Plaintiff listed the State of Washington in the caption of his proposed amended complaint. *See* Dkt. 4, at 1. However, it is not clear whether plaintiff actually intends to bring a claim against the State. If he does, plaintiff is reminded that "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The State's immunity also applies to suits brought by its own citizens. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004). However, suits seeking damages against a state official in their personal capacity are not barred by the Eleventh Amendment. *See Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988).

Here, plaintiff listed the State of Washington in the caption of his complaint but did not otherwise mention the State or a state official in his factual allegations. Therefore, plaintiff failed to state a claim against the State of Washington.

**B.  City of Kent and King County**

To the extent that plaintiff seeks to bring a claim against the City of Kent or King County, local government entities can be held liable under § 1983 if the allegedly unconstitutional actions of its employees are alleged to have been taken pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Alternatively, local government entities also can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels.

1    *Id.* at 690–91. But a local government entity cannot be held liable under § 1983 simply because it

2    employs someone who has allegedly acted unlawfully. *Id.* at 691, 694.

3         Here, plaintiff fails to allege that the City of Kent or King County had a policy or custom

4    that was the "moving force" behind the alleged deprivation of his constitutional rights. *Bd. of*

5    *Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 400 (1997). Plaintiff states

6    that "Kent police officer Doug Whitley . . . observed officer J. Conaty acting on Department

7    policy, [i]ntentional [sic] with excessive force to cause [plaintiff] substantial bodily harm." Dkt.

8    4, at 5. However, it is not clear what policy plaintiff is referring to and what department the

9    policy belongs to. Such general allegations fall short of pleading a viable *Monell* claim, as they

10   are vague, conclusory, and speculative. *See Iqbal*, 556 U.S. at 678; *Hernandez v. Cnty. of Tulare*,

11   666 F.3d 631, 636–37 (9th Cir. 2012) (applying *Iqbal* pleading standards to *Monell* claims).

12   Therefore, the Court concludes that plaintiff has failed to state a claim against the City of Kent

13   and King County.

14                    **C.  Detective Doug Whitley**

15        Plaintiff named detective Doug Whitley as a defendant, but plaintiff does not state what

16   actions defendant Whitley took that violated plaintiff's constitutional rights. In order to obtain

17   relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular

18   defendant has caused or personally participated in causing the deprivation of a particular

19   protected constitutional right. *Arnold v. International Business Machines Corp.,* 637 F.2d 1350,

20   1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, each

21   defendant must commit an affirmative act, or omit to perform an act, that he or she is legally

22   required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743

23   (9th Cir. 1978).

24

1    Here, plaintiff only alleges that defendant Whitley "observed" defendant Conaty ram the

2    SUV into plaintiff's vehicle. Dkt. 4, at 5. Plaintiff does not state how defendant Whitley's action

3    of observing deprived plaintiff of a constitutional right. Therefore, plaintiff has failed to state a

4    claim against defendant Whitley.

5                        **D.  Officer Jay Conaty**

6        Plaintiff appears to have sufficiently stated a claim against defendant Jay Conaty.

7    However, plaintiff bears the burden of providing accurate and sufficient information to effect

8    service of the summons and complaint. When a *pro se* plaintiff fails to provide the Court with

9    accurate and sufficient information to effect service of the summons and complaint, the Court's

10   *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415,

11   1421–22 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)),

12   *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

13       Here, plaintiff named "Jay Conaty" as a defendant, which he also refers to as "J. Conaty,"

14   but did not provide an address or other identifying information aside from "Federal officer South

15   King County Taskforce." Dkt. 4, at 3. If plaintiff cannot identify the address, plaintiff is ordered

16   to provide additional information that will identify the defendant. Plaintiff is also ordered to

17   clarify defendant's actual name.

18                  **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

19       Due to the deficiencies described above, unless plaintiff shows cause or amends the

20   proposed complaint, the Court will recommend dismissal of the proposed amended complaint

21   without prejudice. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must

22   file a second amended proposed complaint and within the second amended proposed complaint,

23   he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff

24

1  believes was violated; (2) the name or names of the person or persons who violated the right; (3)

2  exactly what each individual or entity did or failed to do; (4) how the action or inaction of each

3  individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what

4  specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423

5  U.S. 362, 371–72, 377 (1976). Plaintiff is also to provide enough identifying information for

6  each defendant so that service can be effectuated.

7       Plaintiff shall present the second amended proposed complaint on the form provided by

8  the Court. The second amended proposed complaint must be legibly rewritten or retyped in its

9  entirety, it should be an original and not a copy, it should contain the same case number, and it

10  may not incorporate any part of the original proposed complaint by reference. The second

11  amended proposed complaint will act as a complete substitute for the previous proposed

12  complaints, and not as a supplement.

13       An amended proposed complaint supersedes all previous complaints. *Forsyth v. Humana,*

14  *Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa*

15  *County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended proposed complaint must be

16  complete in itself, and all facts and causes of action alleged in the original proposed complaint

17  that are not alleged in the amended proposed complaint are waived. *Forsyth*, 114 F.3d at 1474.

18  The Court will screen the second amended proposed complaint to determine whether it contains

19  factual allegations linking each defendant to the alleged violations of plaintiff's rights.

20       If plaintiff fails to file an amended proposed complaint or fails to adequately address the

21  issues raised herein on or before **November 12, 2021**, the undersigned will recommend dismissal

22  of this action pursuant to 28 U.S.C. § 1915.

23

24

The Clerk is directed to send plaintiff the appropriate forms for an incarcerated person to file a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to renote the motion to proceed *in forma pauperis* (Dkt. 1) for November 12, 2021.

Dated this 15th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 9