UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JOE QUINLAN,

Plaintiff,

v.

JOHN CONATY,

Defendant.

CASE NO. 2:21-cv-00991-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 18, 2022

This matter is before the Court on referral from the District Court and on defendant's motion to dismiss. Dkt. 18.

This action arises out of an alleged excessive force incident that occurred on October 23, 2020. Plaintiff claims that defendant, a federal law enforcement officer, used excessive force when defendant rammed plaintiff's vehicle with an SUV. Plaintiff brought excessive force claims under the Fourth, Fifth, and Fourteenth Amendment. Defendant moved to dismiss plaintiff's claims because plaintiff's complaint lacks sufficient detail to determine the reasonableness of defendant's use of force, because defendant's qualified immunity shields him

from liability, and because the Court should not extend *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) to this context.

This Court agrees with defendant that plaintiff has failed to provide sufficient details surrounding the use of force regarding his Fourth Amendment claim, and that the Fifth and Fourteenth Amendments are inapplicable. However, plaintiff may be able to cure the deficiencies of his Fourth Amendment claim with an amendment. Therefore, this Court recommends that plaintiff's Fourth Amendment claim be dismissed with leave to amend. Plaintiff's Fifth and Fourteenth Amendment claims should be dismissed without prejudice and without leave to amend. Because the motion to dismiss can be resolved on this basis, the Court declines to assess whether defendant is entitled to qualified immunity or whether *Bivens* should be extended to this context.

## BACKGROUND

Plaintiff, proceeding *pro se*, commenced this matter in July 2021 when he filed an application to proceed *in forma pauperis* (IFP). *See* Dkt. 1. This Court screened plaintiff's proposed complaint attached to his IFP application pursuant to 28 U.S.C. § 1915(e) and twice ordered him to show cause or amend his proposed complaint. *See* Dkts. 5, 8. On November 17, 2021, this Court approved plaintiff's IFP application and plaintiff's amended complaint was filed the same day. *See* Dkts. 11, 12.

In his amended complaint, plaintiff alleges that defendant violated plaintiff's Fourth, Fifth, and Fourteenth Amendment rights when defendant "intentionally [r]ammed the SUV vehicle he was driving with excessive force into the rear vehicle [plaintiff] was sitting in." Dkt. 12 at 5. Plaintiff alleges that he suffered lumbar and cervical injuries as well as pain and suffering. *Id.* at 7. He is seeking damages. *Id.* at 9.

On January 21, 2022, defendant filed the instant motion to dismiss and provided notice to plaintiff that his amended complaint was at risk of being dismissed. *See* Dkts. 18, 19. In response, plaintiff filed several documents that consist of motions to conduct discovery, case law and definitions of police brutality, a proposed order, and portions of this Court's previous order. *See* Dkts. 20–24, 26. Defendant filed a reply on February 18, 2022. Dkt. 25.

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 876–77 (9th Cir. 2001).

### II. Fourth Amendment Claim

Defendant argues that plaintiff's Fourth Amendment claim is deficient because the amended complaint lacks sufficient detail. *See* Dkt. 18 at 4–6. Although this Court previously screened plaintiff's amended complaint under 28 U.S.C. § 1915(e), *see* Dkts. 3, 8, that does not preclude defendant from seeking dismissal pursuant to Rule 12(b)(6) based on the lack of

requisite detail. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (collecting cases); *see also Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) ("So long as the in forma pauperis plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion.").

Plaintiff's facts are contained in the following sentence: "ATF Agent John Conaty, intentionally [r]ammed the SUV vehicle he was driving with excessive force into the rear vehicle I was sitting in." Dkt. 12 at 5. Defendant argues that these allegations are insufficient because they do not provide enough information to determine the reasonableness of the use of force. *See* Dkt. 18 at 5. Indeed, a determination of the reasonableness of the use of force includes "(1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff's complaint does not contain enough allegations to determine the reasonableness of defendant's use of force.

Further, plaintiff's responses do not address defendant's arguments and he provides no other details regarding his claim for excessive force. *See* Dkts. 20–24, 26. Nonetheless, plaintiff may be able to cure the deficiencies with an amendment. Accordingly, the undersigned recommends that plaintiff's Fourth Amendment claim be dismissed with leave to amend.

**III.     Fifth and Fourteenth Amendment Claims**

Plaintiff also alleges violations of his Fifth and Fourteenth Amendment rights. *See* Dkt. 12 at 4–8. However, plaintiff states that they are based on the "same incident explained on page 4 and 5." *Id.* at 6–7. Page four of plaintiff's complaint states that the Fourth, Fifth, and

Fourteenth Amendments were "violated due to [defendant's] unreasonable [i]ntentional, excessive force." *Id.* at 4. Therefore, it appears that plaintiff is alleging excessive force claims under the Fifth and Fourteenth Amendments as well.

Defendant seeks dismissal of the Fifth and Fourteenth Amendment claims because they are inapplicable in this case. Dkt. 18 at 4. The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). Plaintiff's complaint does not allege any other facts or theories to support his claims under the Fifth and Fourteenth Amendments. As such, the Court recommends that they be dismissed without prejudice and without leave to amend.

**IV. Other Issues**

Defendant also seeks dismissal of plaintiff's amended complaint based on defendant's qualified immunity, and because the Court should not extend *Bivens* to this context. *See* Dkt. 18 at 7–13. However, because a determination under both requires a proper understanding of the context surrounding plaintiff's alleged constitutional violation, the Court declines to address these issues at this time.

**CONCLUSION**

For the reasons set forth above, the Court recommends that defendant's motion to dismiss (Dkt. 18) be granted. Plaintiff's Fourth Amendment claim should be dismissed with leave to amend. Plaintiff's Fifth and Fourteenth Amendment claims should be dismissed without prejudice and without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 18, 2022** as noted in the caption.

Dated this 1st day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge