1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10   TERRANCE JOE QUINLAN,

11                     Plaintiff,

12        v.

13   JOHN CONATY,

14                     Defendant.

CASE NO. 2:21-cv-00991-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 1, 2022

15

16         This matter is before the Court on referral from the District Court and on defendant's

17   motion to dismiss. Dkt. 30.

18         This action arises out of defendant's alleged use of excessive force against plaintiff that

19   occurred on October 23, 2020. The Court has allowed plaintiff three opportunities to properly

20   state his excessive force claim. In his most recent amendment, plaintiff claims that defendant—a

21   federal law enforcement officer—violated plaintiff's rights under the Fourth and Eighth

22   Amendments when he used excessive force by hitting the parked vehicle plaintiff was sitting in

23   during the execution of an arrest warrant. Defendant moved to dismiss plaintiff's claims because

24

REPORT AND RECOMMENDATION - 1

1    plaintiff's complaint lacks sufficient detail to determine the reasonableness of defendant's use of

2    force, because defendant's qualified immunity shields him from liability, and because the Court

3    should not extend *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) to this

4    context.

5         The Court agrees with defendant that plaintiff has again failed to provide sufficient

6    details to support his Fourth Amendment claim. However, because an amendment containing

7    more facts could cure the deficiencies, the Court recommends that plaintiff be given a final

8    opportunity to amend his excessive force claim. Therefore, this Court recommends that

9    plaintiff's Fourth Amendment claim be dismissed with leave to amend. The Court also

10   recommends that plaintiff's Eighth Amendment claim be dismissed because plaintiff was not

11   convicted at the time of the alleged use of force.

12                                  **BACKGROUND**

13        Plaintiff, proceeding *pro se*, commenced this action in July 2021 when he filed an

14   application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1. The Court screened plaintiff's

15   proposed complaint and ordered him to show cause or amend his complaint twice. *See* Dkts. 3, 8.

16   After plaintiff was granted IFP, he filed his amended complaint. *See* Dkt. 12. In his amended

17   complaint, plaintiff alleged that defendant violated plaintiff's Fourth, Fifth, and Fourteenth

18   Amendment rights when defendant "intentionally [r]ammed the SUV vehicle he was driving

19   with excessive force into the rear vehicle [plaintiff] was sitting in." *Id.* at 5.

20        On January 21, 2022, defendant moved to dismiss plaintiff's claims on the basis that

21   plaintiff's Fourth Amendment claim lacked sufficient details surrounding the use of force, and

22   because the Fifth and Fourteenth Amendments were inapplicable. *See* Dkt. 18. On March 29,

23   2022, this Court agreed with defendant and recommended that defendant's motion be granted but

24

1    that plaintiff be given an opportunity to amend his complaint regarding his Fourth Amendment

2    excessive force claim. *See* Dkt. 27 at 4. The District Court subsequently adopted the Court's

3    report and recommendation on March 29, 2022. *See* Dkt. 28.

4          Plaintiff filed his second amended complaint on April 4, 2022. *See* Dkt. 29. In his second

5    amended complaint, plaintiff states that there are too many facts, so he is relying on the Court to

6    review all the police reports, statements, and video footage regarding the incident. *See id.* at 12.

7    However, plaintiff did not attach any of that material to his complaint—nor should he. Plaintiff is

8    required to summarize the facts and should not attach documents or exhibits as a way of

9    describing his alleged facts. Plaintiff does allege the following facts in his second amended

10   complaint. He alleges that on October 3, 2020, defendant used excessive force when executing a

11   warrant for plaintiff's arrest. *Id.* at 3–4, 10. He alleges that he was parked "nose-in" with the car

12   off "when he was 'hit' by the [d]efendant from behind." *Id.* at 5. He alleges that the "amount of

13   force was deadly and could have killed plaintiff . . . ." *Id.* at 7. Finally, plaintiff alleges he did not

14   pose a threat and that "the taskforce" had watched plaintiff's every move for an hour. *Id.* at 10–

15   11.

16         On April 18, 2022, defendant moved to dismiss plaintiff's second amended complaint.

17   *See* Dkt. 30. However, defendant did not give plaintiff the dispositive motion notice required by

18   this Court's order. *See* Dkt. 13 at 5. Therefore, on May 2, 2022, the Court ordered defendant to

19   serve plaintiff with the proper notice and renoted defendant's motion to May 26, 2022. *See* Dkt.

20   31. That same day, plaintiff filed a "supplement" to his second amended complaint, which seeks

21   to add "one cause of action for battery" under the Federal Tort Claims Act ("FTCA"). *See* Dkt.

22   32 at 2–3.

23

24

On May 5, 2022, defendant filed proof of service of the dispositive motion notice. *See* Dkt. 33. Then, on May 26, 2022, defendant filed a reply brief arguing that plaintiff's supplement should be stricken as an improper amendment under FRCP 15 and informing the Court that plaintiff did not timely respond to defendant's motion to dismiss. *See* Dkt. 34 at 1–2.

On May 31, 2022—five days after the noting date and eight days after his response was due—plaintiff filed a response to defendant's motion to dismiss. *See* Dkt. 36. Plaintiff signed the response on May 25, 2022—which is two days after it was due—and does not explain why his response is late. *See id.* at 5. Because the Court is granting defendant's motion to dismiss, the Court sees no harm in considering plaintiff's late response.

## DISCUSSION

### I.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

Courts liberally construe a *pro se* litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). *Pro se* litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

## II.    Excessive Force Claim

Defendant argues that plaintiff's second amended complaint still does not allege enough facts to state a claim for excessive force. *See* Dkt. 30 at 3–6. "Claims that law enforcement officers have used excessive force […] in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham*, 490 U.S. at 395. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene." *Id.* at 396. As the Court stated in its previous report and recommendation, evaluating a claim of excessive force requires considering, among other facts, "(1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)); Dkt. 27 at 4.

Here, plaintiff's second amended complaint contains unnecessary case law regarding what it means to "seize" a person and lacks sufficient allegations to state an excessive force claim. Notably, although plaintiff alleges he was arrested pursuant to a warrant, he does not allege any facts regarding the "severity of the crime at issue," which is required in assessing the reasonableness of the use of force. *See Shafer*, 868 F.3d at 1116. Further, plaintiff does not state

1   whether he was attempting to flee. Plaintiff simply states he was sitting in the car with the engine

2   off when defendant hit him. *See* Dkt. 29 at 5. It is unclear whether plaintiff had been sitting in the

3   car for an extended period of time or whether he had just entered the car in an attempt to flee.

4   These facts are necessary to determine the reasonableness of the use of force.

5        Plaintiff's second amended complaint states that there are too many facts to allege, but

6   that does not excuse him from the requirements of Federal Rule of Civil Procedure 12(b)(6). *See*

7   Dkt. 29 at 12. He also appears to state that he is relying on the Court to determine the facts, but

8   the Court cannot allege facts on plaintiff's behalf and it is inappropriate to assume that the

9   plaintiff "can prove facts which [he] has not alleged or that the defendant[] [has] violated the . . .

10  laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

11  *Council of Carpenters*, 459 U.S. 519, 526 (1983). Therefore, it is plaintiff's burden to allege

12  enough facts to state a claim.

13       Accordingly, the Court recommends that defendant's motion to dismiss be granted

14  regarding plaintiff's Fourth Amendment claim for excessive force. However, because the

15  deficiencies the Court identified can be cured by an amendment, the Court recommends that

16  plaintiff be given a final opportunity to amend his excessive force claim.

17       **III.    Other Issues**

18       Plaintiff sues defendant in both his official and personal capacities. *See* Dkt. 29 at 1.

19  However, the claim against defendant in his official capacity is treated as a claim against the

20  agency and the Court previously explained to plaintiff that a *Bivens* claim is not available against

21  a federal agency. *See* Dkt. 3 at 5 (citing *FDIC v. Meyer*, 510 U.S. 471, 486 (1994)). Therefore,

22  the Court recommends that plaintiff's excessive force claim against defendant in his official

23  capacity be dismissed without leave to amend.

24

REPORT AND RECOMMENDATION - 6

Plaintiff's second amended complaint appears to allege an Eighth Amendment claim for cruel and unusual punishment and state law claims. *See* Dkt. 29 at 4. Because plaintiff was not convicted at the time of the alleged use of force, he cannot state an Eighth Amendment claim. *See Graham*, 490 U.S. at 395. Therefore, the Court recommends that this claim be dismissed without leave to amend.

As to plaintiff's claims concerning state rights, other than vaguely listing these rights, plaintiff does not explain why or how they have been violated. The Court declines to evaluate these claims because, unless plaintiff files an amended complaint, plaintiff does not have a viable federal claim to allow this Court to exercise jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

Plaintiff filed a "supplement" to his second amended complaint, which the Court recommends be stricken from the docket. Dkt. 32. Pursuant to Federal Rule of Civil Procedure 15(d), supplemental pleadings must be made on "motion and reasonable notice" and must concern an occurrence that happened after the date of the pleading to be supplemented. Plaintiff seeks to supplement his second amended complaint by adding a FTCA claim against the United States, but he did not file a motion and the Court has not otherwise given him permission to supplement his second amended complaint. Further, his supplement concerns the same alleged use of force allegations in his second amended complaint. Therefore, the filing was improper and should be stricken from the docket.

Finally, defendant seeks dismissal of plaintiff's claims based on defendant's qualified immunity and because the Court should not extend *Bivens* to this context. *See* Dkt. 30 at 6–12. However, because a determination under both requires a proper understanding of the context

surrounding plaintiff's alleged constitutional violation, the Court declines to address these issues at this time.

**CONCLUSION**

The Court recommends that defendant's motion to dismiss (Dkt. 30) be granted. Plaintiff should be given a final opportunity to amend his Fourth Amendment claim for excessive force. Therefore, the Court recommends that plaintiff's Fourth Amendment claim for excessive force—brought in defendant's personal capacity—be dismissed with leave to amend. If plaintiff chooses to amend this claim, he should do so on the appropriate forms for an incarcerated person to file a 42 U.S.C. § 1983 civil rights complaint and he should state sufficient facts surrounding the use of force and not recite case law. Plaintiff's Eighth Amendment claim and all claims brought in defendant's official capacity should be dismissed without leave to amend. Finally, the Court recommends that plaintiff's "supplement" to his second amended complaint be stricken from the docket. Dkt. 32.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

///

///

///

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 1, 2022** as noted in the caption. The Clerk is further directed to send a copy of this report and recommendation to plaintiff.

Dated this 9th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge