UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JOE QUINLAN,

            Plaintiff,

v.

JOHN CONATY,

            Defendant.

CASE NO. 2:21-cv-00991-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 9, 2022

This matter is before the Court on referral from the district court and on defendant's motion to dismiss. Dkt. 58.

Plaintiff, proceeding *pro se* and incarcerated at the Washington State Penitentiary, brings suit against defendant, a Bureau of Alcohol, Tabaco, Firearms and Explosives (ATF) Task Force Officer. Specifically, plaintiff alleges that defendant used excessive force in arresting plaintiff by ramming an SUV into the parked vehicle plaintiff was sitting in. Plaintiff also alleges that defendant conducted a search based on an unlawful warrant.

REPORT AND RECOMMENDATION - 1

Defendant moved to dismiss plaintiff's claims for (1) failure to state a claim, (2) because defendant claims he is entitled to qualified immunity, and (3) because the Court should not extend a *Bivens* cause of action in this context. The Court concludes that plaintiff has sufficiently stated an excessive force claim, but that the claim cannot go forward against defendant based on recent Supreme Court and Ninth Circuit decisions cautioning lower courts from extending *Bivens* even modestly. Plaintiff's unlawful search claim should also be dismissed because plaintiff did not receive leave to amend this claim and an amendment would be futile because the claim suffers from the same deficiency as his excessive force claim.

Accordingly, the Court recommends that defendant's motion to dismiss be granted and plaintiff's claims be dismissed with prejudice.

## BACKGROUND

### I. Procedural History

Plaintiff, proceeding *pro se*, initiated this action in July 2021 when he filed an application to proceed *in forma pauperis* (IFP). *See* Dkt. 1. The Court screened plaintiff's proposed complaint and twice ordered him to show cause or amend his complaint. *See* Dkts. 3, 8. In his amended complaint, plaintiff alleges that defendant violated plaintiff's Fourth, Fifth, and Fourteenth Amendment rights when defendant "intentionally [r]ammed the SUV vehicle he was driving with excessive fore into the vehicle [plaintiff] was sitting in." Dkt. 12 at 5. The Court granted plaintiff's motion to proceed IFP and served plaintiff's amended complaint. *See* Dkts. 11, 12.

On January 18, 2022, defendant appeared and filed a motion to dismiss for failure to state a claim. *See* Dkt. 18. The Court granted defendant's motion and dismissed plaintiff's claims but gave him leave to amend his excessive force claim. *See* Dkts. 27, 28. Plaintiff filed a second

amended complaint and defendant filed another motion to dismiss for failure to state a claim. *See* Dkts. 29, 30. The Court again granted defendant's motion and dismissed plaintiff's claim with leave to amend a final time. *See* Dkts. 37, 49.

## II. Allegations in the Third Amended Complaint

Plaintiff filed his third amended complaint on September 6, 2022. *See* Dkt. 54. Plaintiff brings two claims based on alleged violations of his Fourth Amendment rights. In Count I, plaintiff alleges that on October 23, 2020, at about 10:00 a.m., he was sitting as a passenger in a parked Ford Expedition when defendant "intentionally rammed the [g]overnment issued SUV he was driving into the Ford Expedition plaintiff was sitting in." Dkt. 54 at 5. Plaintiff alleges that he "never attempted to elude or resist [a]rrest." *Id.* Plaintiff alleges that the quantum force of the impact caused him serious injuries to his back and neck. *See id.*

In Count II, plaintiff alleges that defendant "conducted an illegal search based on a search warrant that failed the particularity of the warrant." Dkt. 54 at 6. Plaintiff is seeking $500,000.00 in damages. *See* Dkt. 54-2 at 6.

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint on the following grounds: (1) that plaintiff fails to state a claim; (2) that defendant is entitled to qualified immunity; and (3) that the Court should not extend *Bivens* to this new context. *See generally* Dkt. 58.

## I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

A *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## II.  Excessive Force Claim

### A. Failure to State a Claim

Defendant argues that plaintiff's third amended complaint does not allege enough facts to state a claim for excessive force. *See* Dkt. 58 at 4. Whether an individual has been subjected to excessive force depends on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citations omitted). As such, a claim of excessive force requires considering: "(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion." *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151 (9th Cir. 2022) (cleaned up). The second factor is the most important consideration. *Id.* It requires evaluating "(1) how severe the crime at issue was, (2) whether the suspect posed an immediate threat to the safety of the

1 | officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade
2 | arrest by flight." *Id.* at 1153. However, the factors are non-exhaustive and the Court examines
3 | "the totality of the circumstances, including the availability of less intrusive alternatives to the
4 | force employed and whether proper warnings were given." *Id.*

5 | In his third amended complaint, plaintiff alleges that defendant "intentionally rammed the
6 | [g]overnment issued SUV he was driving into the [vehicle] [p]laintiff was sitting in." Dkt. 54 at
7 | 5. Plaintiff alleges he was a passenger in the parked vehicle and that he "never attempted to elude
8 | or resist arrest." *Id.* Plaintiff alleges that the force of the impact was so great that it caused him
9 | "serious [p]hysical injuries to his [b]ack and neck." *Id.* Liberally construing these allegations, as
10 | the Court must, *see Erickson*, 551 U.S. at 94, plaintiff has adequately alleged that defendant used
11 | excessive force in arresting him. Given that plaintiff was a passenger in a parked vehicle, there is
12 | a reasonable inference that he did not pose a threat to defendant—or others—at that moment to
13 | justify crashing an SUV into plaintiff's vehicle with such force to cause serious back and neck
14 | injuries.

15 | Defendant appears to argue that the Court should construe factual inferences in his favor
16 | or accept a different version of events. *See* Dkt. 58 at 5–6. For example, defendant suggests that
17 | absent the "ramming," plaintiff had the ability to flee by car or foot. *Id.* at 5. Defendant also
18 | suggests that he "park[ed] behind" plaintiff and "the contact between the two vehicles could have
19 | been incidental to [defendant]'s initial approach." *Id.* at 5–6. The Court rejects this argument
20 | because, at the motion to dismiss stage, the Court must construe all factual inferences in the light
21 | most favorable to the plaintiff. *See Manzarek*, 519 F.3d at 1031. Further, factual disputes are
22 | inappropriate at the motion to dismiss stage and should be reserved for summary judgment.

1    Defendant also argues that the Court has no way of assessing whether the use of force 2 was excessive because plaintiff did not provide any details regarding the damage to the vehicle. 3 *See* Dkt. 58 at 6. Although such information would have been useful, the lack of this detail is not 4 fatal to plaintiff's claim. Plaintiff has alleged that the force was so great that it caused serious 5 physical injuries to his back and neck. That is enough to infer that the vehicle collision was 6 significant. Accordingly, the Court concludes that plaintiff has alleged enough to state a claim 7 for excessive force.

8    **B. Availability of a *Bivens* Remedy**

9    Defendant argues that the Court should not create a damages remedy under *Bivens* in this 10 context. *See* Dkt. 58 at 10–14. The Court must resolve the *Bivens* issue at the earliest practicable 11 phase of litigation because it is antecedent to other questions presented, such as qualified 12 immunity. *See Mejia v. Miller*, __F.4th__, 2022 WL 16911857, at *2 (9th Cir. Nov. 14, 2022). 13 Unlike 42 U.S.C. § 1983 claims against state officers, there is no statute providing for damages 14 against federal officers. Claims against federal officers must fall within the *Bivens* framework. 15 *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

16    In *Bivens*, the Supreme Court recognized an implied cause of action to seek damages 17 against federal narcotics officers for an unreasonable search and seizure. *See id.* at 389–90. The 18 Supreme Court then recognized a *Bivens* action in two other contexts. *See Davis v. Passman*, 442 19 U.S. 228 (1979) (recognizing a Fifth Amendment claim asserting a Congressman discriminated 20 on the basis of gender in employment); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing an 21 Eighth Amendment claim asserting cruel and unusual punishment against prison officials for 22 failing to treat the prisoner's asthma). "*Bivens*, *Davis*, and *Carlson*[] represent the only instances 23 in which the [Supreme] Court has approved an implied damages remedy under the Constitution 24

REPORT AND RECOMMENDATION - 6

itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). Although the Supreme Court has not overruled *Bivens*, it has declined to recognize any new contexts since its decision in *Carlson*. *See Id.* at 1857 (noting that *Bivens* is "settled law" but expanding the *Bivens* is now a "'disfavored' judicial activity").

To help the lower courts determine whether to recognize a *Bivens* claim, the Supreme Court developed a two-step framework. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022).

> First, [courts] ask whether the case presents "a new *Bivens* context"—*i.e.*, is it "meaningful[ly]" different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." If there is even a single "reason to pause before applying *Bivens* in a new context," a court may not recognize a *Bivens* remedy.

*Id.* (cleaned up). The Supreme Court clarified that the two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* It also made clear that "similar allegations of excessive force," "almost parallel circumstances," or a "similar 'mechanism of injury'" as *Bivens* "are not enough to support the judicial creation of a cause of action." *Id.* A plaintiff must now always "satisf[y] the 'analytical framework' prescribed by the last four decades of intervening case law." *Id.* (quoting *Ziglar*, 137 S. Ct. at 1859).

Relevant to this case, the Supreme Court has recently issued two decisions declining modest extensions of *Bivens* in excessive-force claims. In *Hernandez v. Mesa*, the Supreme Court declined to extend *Bivens* to an excessive-force claim against a Border Patrol agent who shot a child across the border because doing so had national security implications. 140 S. Ct. 735, 747 (2020). In *Egbert*, the Supreme Court declined to extend *Bivens* to an excessive-force

REPORT AND RECOMMENDATION - 7

claim by a Border Patrol agent against a Washington resident in his own home because the claim also had national security concerns. 142 S. Ct. at 1805.

Just a few days ago, the Ninth Circuit stated that "[u]nder *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly." *Mejia*, 2022 WL 16911857, at *5. In *Mejia*, the Ninth Circuit held that the plaintiff could not assert a *Bivens* claim based on excessive force against a Bureau of Land Management (BLM) officer because it presented a new context and special factors existed that made Congress more suitable than the judiciary to create a cause of action. *Id.* Given this legal precedent, the Court concludes that plaintiff cannot bring a *Bivens* claim against defendant.

### 1. New Context

According to the Supreme Court, a case may present a new context if there is a difference in,

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of special factors that previous *Bivens* cases did not consider.

*Ziglar*, 137 S. Ct. at 1860.

A case also now presents a new context if the defendant is employed by a different agency than the one at issue in *Bivens*. *See Egbert*, 142 S. Ct. at 1806 (concluding that the question is "whether a court is competent to authorize a damages action not just against Egbert but against Border Patrol agents generally"); *see also Mejia*, 2022 WL 16911857, at *5 (clarifying that "the question is whether to create a cause of action against all of an agency's officers"). This appears to have the effect of making all *Bivens* claims for excessive force new

contexts because the agency at issue in *Bivens* no longer exists. *See Egbert*, 142 S. Ct. at 1815 (Sotomayor, J., Breyer, J., and Kagan J., concurring in part and dissenting in part) (noting that the Federal Bureau of Narcotics is defunct). Indeed, in *Mejia*, the Ninth Circuit concluded that the claim against the BLM officer was a new context because, among other reasons, the Supreme Court has never "recogniz[ed] a *Bivens* excessive force claim against a BLM officer." 2022 WL 16911857 at *5. District courts have similarly found new *Bivens* contexts in recent decisions based on the type of agency at issue. *See*, *e.g.*, *Sheikh, v. U.S. Dep't of Homeland Sec., et al.*, No. 2:22-cv-00409 WBS AC, 2022 WL 16964105, at *5 (E.D. Cal. Nov. 16, 2022) (finding a new context because "[t]he Supreme Court has never extended a *Bivens* claim against Department of Homeland Security employees"); *Lewis v. Westfield*, __F.Supp.3d__, 2022 WL 16924177, at *3 (E.D.N.Y. Nov. 14, 2022) (finding a new context because the "defendants are Deputy Marshals, rather than federal narcotics agents").

Here, plaintiff does not point to a Supreme Court case recognizing a *Bivens* claim for excessive force against an ATF agent, and the Court is aware of none. Relatedly, this case presents a new context because the legal mandate under which defendant operated differs from the legal mandate at issue in *Bivens* because the officers in *Bivens* conducted a warrantless arrest, 403 U.S. at 389, whereas plaintiff alleges that defendant arrested him pursuant to a warrant, Dkt. 54 at 5. *See*, *e.g.*, *Lewis*, 2022 WL 16924177, at *3 (finding a new context because the defendants were executing an arrest warrant); *Oliveras v. Basile*, 440 F. Supp. 3d 365, 371–72 (S.D.N.Y. 2020) (same).

### 2. Special Factors

The Supreme Court "has not defined the phrase 'special factors counselling hesitation,'" but it has recognized that the "inquiry must concentrate on whether the Judiciary is well suited,

absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 137 S. Ct. at 1858. In fact, the Supreme Court clarified that the pertinent question now is "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. As the Ninth Circuit stated, "[u]nder *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly." *Mejia*, 2022 WL 16911857, at *5.

The Court notes two special factors that counsel hesitation to extend *Bivens* in this context. First, the Court is not better suited than Congress to determine the systemwide consequences that will result if *Bivens* is extended to apply to ATF officers. This factor is consistent with the Ninth Circuit's recent holding that "Fourth Amendment excessive force claims against BLM officers would have 'systemwide consequences' for BLM's mandate to maintain order on federal lands, and uncertainty about these consequences provides a reason not to imply such a cause of action." *Mejia*, 2022 WL 16911857, at *5. Defendant suggests that "implying a *Bivens* remedy under [the facts of this case] is likely to degenerate an influx of suits arising from motor vehicle collisions disguised as *Bivens* claims." Dkt. 58 at 14. The Court disagrees that this case would lead to such broad repercussions. Nevertheless, as the Supreme Court stated, "[e]ven in a particular case, a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*. That uncertainty alone is a special factor that forecloses relief." *Egbert*, 142 S. Ct. at 1803–04 (cleaned up). The Court cannot predict the systemwide consequences in this situation. Therefore, the Court is not inclined to do so here.

Second, plaintiff has an alternative remedy available to him. The Supreme Court stated that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has

authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, 142 S. Ct. at 1804 (quoting *Ziglar*, 137 S. Ct. at 1858). It does not matter that the remedy does not provide complete relief. *See id.* Although the Supreme Court previously stated that the Federal Torts Act (FTCA) claims were "not sufficient protector of the citizens' constitutional rights," *Bivens*, 403 U.S. at 394, the Ninth Circuit recently concluded that FTCA claims, even if based on a different legal theory, were an "alternative avenue to seek damages for the injuries alleged in [a] *Bivens* claim," *Mejia*, 2022 WL 16911857, at *5; *See also Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (concluding that availability of claim under FTCA was a "special factor" counseling against extending *Bivens*, even though it would not provide the exact same relief as *Bivens* or give plaintiff everything he seeks). The Court agrees with defendant that plaintiff has available remedies under the FTCA, even if they are brought under different theories and may not provide the complete relief plaintiff seeks.

Because the Court does not extend *Bivens* to provide an implied cause of action for plaintiff's excessive-force claim, the Court recommends that the claim be dismissed with prejudice.

**III.     Search and Seizure**

In his third amended complaint, plaintiff included a second claim based on the Fourth Amendment in which plaintiff alleges that defendant "conducted an illegal search based on a search warrant that failed the particularity of the warrant." Dkt. 54 at 6. This claim should be dismissed because plaintiff did not seek or receive leave to include this claim. *See* Dkt. 37 ("[T]he Court recommends that plaintiff's Fourth Amendment *claim for excessive force—brought in defendant's personal capacity—be dismissed with leave to amend.*") (emphasis added); *See also* Dkt. 49 (adopting report and recommendation). Although leave to amend is

generally liberally granted, *see* Fed. R. Civ. P. 15(a)(2), the Court declines to do so here because allowing the amendment would be futile.

First, plaintiff's allegations are conclusory and insufficient to state a claim beyond the "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–678. Plaintiff merely states that the search warrant lacked particularity. However, he does not allege that defendant was involved in obtaining the search warrant, only that he conducted a search based on the warrant. *See* Dkt. 54 at 6. Additionally, plaintiff's claim against defendant would suffer from the same *Bivens* barrier described above. Accordingly, this claim should also be dismissed with prejudice.

### IV.    IFP on Appeal

Plaintiff should be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because an appeal from this matter would not be frivolous, IFP status should be granted for purposes of appeal.

### CONCLUSION

For the reasons set forth above, the Court recommends that defendant's motion to dismiss (Dkt. 58) be granted and that plaintiff's claims be dismissed with prejudice. However, plaintiff's IFP status should granted for purposes of any appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 9, 2022** as noted in the caption.

Dated this 21st day of November, 2022.

J. Richard Creatura
Chief United States Magistrate Judge