1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

TERRANCE JOE QUINLAN,

11

Plaintiff,

12

v.

13

JOHN CONATY,

14

Defendant.

CASE NO. 2:21-cv-00991-TSZ-JRC

ORDER DENYING
APPOINTMENT OF COUNSEL

15

16    This matter is before the Court on referral from the district court and on plaintiff's motion

17  to appoint counsel. *See* Dkt. 62.

18    There is no constitutional right to appointed counsel in a § 1983 civil action. *See Storseth*

19  *v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a

20  district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)

21  (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled*

22  *on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances

23  exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of

24

ORDER DENYING APPOINTMENT OF COUNSEL - 1

1  the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues

2  involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v.*

3  *Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an

4  insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate

5  the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101,

6  1103 (9th Cir. 2004).

7        In support of his motion to appoint counsel, plaintiff lists barriers that are common to *pro*

8  *se* prisoners. For example, he states that he is unable to afford counsel despite repeated attempts,

9  that his imprisonment will greatly limit his ability to litigate, and that having an attorney will

10  "better enable plaintiff to present evidence and cross examine witnesses." Dkt. 62 at 2.

11  Unfortunately, because these barriers are common, they are not considered exceptional

12  circumstances that warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 Fed. App'x

13  610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances

14  were not exceptionally different from the majority of the challenges faced by *pro se* litigants)

15  (citations omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that

16  limitations in plaintiff's ability to prepare for trial due to his imprisonment were not exceptional

17  circumstances to appoint counsel). There may come a time when the courts or Congress will

18  recognize that these conditions compel the appointment of counsel without charge. But we are

19  not there yet. Therefore, the law says these conditions, alone, do not compel this Court to appoint

20  *pro bono* counsel.

21        Also, plaintiff has not established a likelihood of success on the merits. The Court

22  recently recommended that the district court grant defendant's motion to dismiss and dismiss

23  plaintiff's claims with prejudice because plaintiff cannot proceed with a *Bivens* claim against

24

1    defendant after recent Supreme Court and Ninth Circuit opinions. *See* Dkt. 71. Accordingly,

2    plaintiff's motion to appoint counsel is denied.

3              Dated this 22nd day of November, 2022.

4

5              J. Richard Creatura
               Chief United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING APPOINTMENT OF COUNSEL - 3